# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            )
                             )
        v.                   )      I.D. No. 1605013801
                             )
KARL MANUEL,                 )
                             )
        Defendant.           )

Submitted: January 3, 2025
Decided: January 13, 2025

*Upon Defendant's Motion to Correct Illegal Sentence*
**DENIED.**

## **ORDER**

Karl Manuel, SBI# 332040, James T. Vaughn Correctional Center, 1181 Paddock Road, Smyrna, DE 19977, *pro se.*

Zachary Rosen, Esquire, Deputy Attorney General, DEPARTMENT OF JUSTICE, 820 North French Street, Wilmington, DE 19801, Attorney State of Delaware.

**WHARTON, J.**

This 13th day of January 2025, upon consideration of Defendant Karl Manuel's ("Manuel") second Motion to Correct Illegal an Sentence ("Motion"),[1] and the record in this matter, it appears to the Court that:

1.      Manuel was found guilty in a bench trial of Possession of a Firearm by a Person Prohibited ("PFBPP"), Possession of Ammunition by a Person Prohibited ("PABPP"), Carrying a Concealed Deadly Weapon ("CCDW"), and Failure to Wear a Seatbelt.[2]  The Indictment alleged that all of the offenses occurred on or about May 19, 2016.[3]  Manuel was declared an habitual offender as to both the PFBPP and CCDW charges and sentenced to a combined 23 years at Level 5.[4]  He received a probation sentence on the PABPP charge and a fine on the seatbelt charge.[5]  On May 8, 2018, the Delaware Supreme Court affirmed Manuel's conviction and sentence.[6]

2.      Manuel filed a timely first postconviction relief motion pursuant to Superior Court Criminal Rule 61 on April 23, 2019.[7]  That motion was denied on November 10, 2020.[8]  The Delaware Supreme Court affirmed this Court on

[1] D.I. 81.
[2] D.I. 19.
[3] D.I. 4.
[4] D.I. 31.
[5] *Id.*
[6] *Manuel v. State,* 2018 WL 2127136 (Del. 2018).
[7] D.I. 36.
[8] *Sate v. Manuel,* 2020 WL 6588491 (Del. Super. Ct. Nov. 10, 2020).

September 23, 2021.[9]  This Court denied Manuel's Motion for Modification of Sentence under Rule 35(b) on October 28, 2022.[10]

3.      In his first Rule 35(a) motion Manuel contended that his sentence violated "'ex post facto' principles," in violation of his due process rights under the Delaware and United States constitutions as well as constituting "cruel and unusual punishment."[11]  He made two claims in particular, both related to his status as an habitual offender.

4.      Prior to sentencing, the State moved to declare Manuel an habitual offender and for the Court to impose the sentencing provisions of 11 *Del. C.* § 4214(d) when it sentenced him on both the PFBPP and CCDW charges.[12]  In support of its petition, the State cited two prior convictions for assault second degree – one for which Manuel was sentenced on March 20, 1996 and the other for which he was sentenced on September 4, 2008.[13]  The State alleged that the charges for which it sought habitual offender sentencing collectively represented Manuel's third felony conviction under 11 *Del. C.* § 4214(d) - the habitual offender statute.[14]

---

[9] *Manuel v. State,* 2021 WL 4347080 (Del. 2021).
[10] D.I. 64
[11] D.I. 65.
[12] D.I. 21.
[13] *Id.*
[14] *Id.*

3

5.     Manuel's first claim was that it was an *ex post facto* violation to apply a July 19, 2016 amendment of the habitual offender statute to his offenses which occurred two months earlier on May 19, 2016.[15]  His second claim challenged his status as an habitual offender.  This second argument was based on the number of felony convictions required to be declared an habitual offender at the time he committed the most recent crimes.  He argued that the petition to declare him an habitual offender only cited two prior assault second degree convictions.  Since assault second degree was not one of the specified crimes that allowed a defendant to be declared an habitual offender on the third felony conviction, three prior convictions were required to declare him an habitual offender.

6.     The State agreed that Manuel was correct in that the version of § 4214 applicable to him was the older, 2016 version.[16]  Nevertheless, the State contended that Manuel was still eligible to be sentenced under that older version of § 4214 because he was convicted previously of three separate and distinct felonies before his present convictions.[17]  The State advised the Court that, should the Court grant the motion, it intended to file a new habitual offender petition, which, if granted,

---

[15] D.I. 65.
[16] D.I. 67.
[17] *Id.*

4

according to the State would result in the same minimum mandatory sentences as originally imposed.[18]

7.    That is exactly what happened.  The Court granted the motion.[19]  The State filed a new habitual offender petition alleging three separate and distinct felony convictions prior to the current convictions.[20]  The Court granted the petition and sentenced Manuel to the same sentence it imposed previously.[21]

8.    In his current Rule 35(a) motion Manuel makes a single argument – it is a violation of the double jeopardy clause of both the Delaware and federal constitutions to sentence him to enhanced punishments as an habitual offender for both the CCDW and PFBB charges because they occurred at the same time.[22]

9.    Pursuant to Criminal Rule 35(a), the Court may correct an illegal sentence at any time.[23]  A sentence is illegal if it violates double jeopardy, is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to the substance of the sentence, or is a sentence that the judgment of conviction did not authorize.[24]

---

[18] *Id.*

[19] *State v. Manuel,* 2024 WL 867282 (Del. Super. Ct. Feb. 29, 2024).

[20] D.I. 69.

[21] D.I. 72, 73.

[22] D.I. 81.

[23] Super. Ct. Crim. R. 35(a).

[24] *Brittingham v. State,* 705 A.2d 577, 578 (Del. 1998).

10.     Manuel's sentence does not violate his state and federal protections against double jeopardy.   When, as here, a defendant is charged under two different statutes "the question is whether, both sections being violated by the same act, the accused committed two offenses or only one."[25]   The inquiry is "whether each provision requires proof of a fact which the other does not."[26]   Cumulative punishment, "on separate convictions under different statutes is presumptively valid and does not violate the prohibition against double jeopardy if the statutes define distinct offenses."[27]   The Court relies on 11 *Del. C.* § 206 to determine if an inquiry into each statute demonstrates requirement of proof that "at least one element [in the statute] is not required to prove the other[]."[28]   That section allows for the prosecution of a defendant for more that one offense when the same conduct establishes more than one offense.[29]   A defendant may not be convicted of more than one offense if: (1) one offense is included in the other; (2) one offense is only an attempt to commit the other; or (3) inconsistent findings of fact are required to establish the commission of the offenses.[30]

---

[25] *White v. State,* 243 A.3d 381, 397 (Del. 2020).
[26] *Id.*
[27] *Id.*
[28] *Id.* at 397-98.
[29] 11 *Del. C.* § 206(a).
[30] 11 *Del. C.* § 206(a)(1)-(3).

11. There is no question that the legislature intended CCDW and PFBPP to be separate offenses. CCDW requires that the weapon be concealed,[31] while PFBPP does not.[32] Similarly, PFBPP requires the defendant be prohibited from possessing a firearm,[33] while CCDW does not.[34] Since they are separate offenses, it follows violations of them may be punished separately.

12. Implicit in Manuel's motion is his contention that the habitual offender enhancement cannot be applied to both of his sentences. But there is no merit to this notion. CCDW and PFBPP are separate crimes subject to separate punishments. The fact that the punishment for each crime is enhanced by the same factor – Manuel's habitual offender status – does nothing to change the separate character of the offenses. Double jeopardy is not implicated simply because Manuel, an habitual offender, committed more than one crime.

THEREFORE, Manuel's second Motion to Correct Illegal Sentence Pursuant to Delaware Superior Court Criminal Rule 35(a) is **DENIED.**

IT IS SO ORDERED.

/s/ *Ferris W. Wharton*
Ferris W. Wharton, J.

---

[31] 11 *Del. C.* § 1442.
[32] 11 *Del. C.* § 1448.
[33] *Id.*
[34] 11 *Del. C.* § 1442.

7